

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:09-CR-106(3) |
| | § | |
| RILEY PRICE | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Riley Price, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #135) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on June 4, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On February 28, 2011, the Honorable Ron Clark of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of conspiracy to commit burglary involving controlled substances, a Class C felony. The Court sentenced the defendant to 37 months imprisonment, followed by 3 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit for gambling until financial obligation is paid in full, mental health treatment, drug treatment, $800 restitution and a $100 special assessment. On July 6, 2012, Riley Price completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state or local crime.*

On July 28, 2012, at 0232 hours, Riley Price was arrested by Harris County, Texas, Constable Precinct 4 deputies, and charged with burglary of a building and criminal mischief. The arrest report indicated Mr. Price, his brother, and two other individuals were observed breaking into an empty store in a shopping center. Once inside, Mr. Price and the other individuals attempted to use a sledge hammer to break a wall, enabling them to gain entrance to a building, Houston Amateur Radio Supply.

### C. Evidence presented at Hearing

At the hearing, the Government offered the following evidence as its factual basis in support of the alleged violation. The Government established that Mr. Price was placed on conditions of supervised release as part of his original conviction in this case. The Government would also show that he was arrested on July 28, 2012, in Harris County, Texas, and charged with burglary of a building. Mr. Price subsequently pled guilty to that charge and he was sentenced to two years in the TDCJ. In support, the Government offered a copy of the judgment of conviction entered against Mr. Price in Cause Number 135583201010 in the 339th District Court of Harris County, Texas, which shows that Price was convicted on this offense as alleged in the petition.

Defendant, Riley Price, offered a plea of true to the above-stated allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he committed a new state crime in violation of his supervision conditions in this case.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing a new state crime.

If the Court finds that Mr. Price violated his supervision conditions in the manner stated above, this will constitute a Grade B violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of VI and the Grade B violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 21 to 27 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the maximum imprisonment term in this revocation proceeding is actually capped at 24 months, or two years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade B violation of his supervision conditions by being convicted of the state crime of burglary of a building. The defendant knowingly and voluntarily pled true to this conduct and agreed with the recommended sentence.

Therefore, based upon the plea of true, the evidence presented in this case, and the parties' agreement, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Riley Price, to serve a term of **twenty-one (21) months imprisonment** in this cause, with credit for any time he is entitled to since the federal detainer was placed on him in this revocation case. No additional supervised release is recommended. Finally, the Court recommends that the defendant be placed in the Beaumont Federal Correctional Complex (FCC) for service of the prison term, if possible, to allow for family visitation.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal

conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 5th day of June, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE